IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J-C-F-,

      Petitioner,

    v.

LEONARD ODDO, *et al.*

      Respondents.

3:26-CV-00418-CCW

## **ORDER**

Before the Court are an amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, a Motion for Bail under *Lucas v. Hadden*, and a Motion to Expedite Consideration of Habeas Petition and *Lucas* Motion.  Petitioner[1], a native of Cuba, has been detained at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania since October 14, 2025, and now challenges the constitutionality of his prolonged detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See generally* ECF Nos. 1, 25, 35.  Respondents contend that Petitioner has not met his burden under *Zadvydas* but provide no further information regarding efforts to remove him.  ECF No. 27 ¶¶ 38-41.  Apart from the supervision revocation paperwork given to Petitioner on October 14, 2025 informing him that "there is a significant likelihood of removal in the reasonably foreseeable future[,]" nothing in the record indicates any further movement toward removal of Petitioner.  *See* ECF No. 15-1.  Thus, Respondents have failed to rebut Petitioner's argument that removal is not reasonably foreseeable.

---

[1] Petitioner has requested to proceed under a pseudonym (the initials J-C-F-), and the Court approved that request. ECF No. 13.

## I.   BACKGROUND

Petitioner entered the United States in November 2019.  *See* ECF Nos. 27-1, 27-2, 27-3. He was taken into custody by immigration authorities, after which he was sent to Mexico to await a future immigration court date.  ECF No. 27-3.  Unable to make his court date, Petitioner was ordered removed *in absentia* onFebruary 12, 2020.  *Id*.  Petitioner's order of removal became administratively final that day.  *See* 8 C.F.R. § 1241.1(e);  ECF Nos. 25 ¶ 24.  In February 2021, Petitioner reentered the United States.  ECF No. 27-2.  He was processed and released from custody under an Order of Supervision ("OSUP").  *See* ECF Nos. 25-2, 25-3.  In the years that followed, Petitioner complied with all annual ICE check-in appointments while continually renewing his U.S. Citizenship and Immigration Services (USCIS) work authorization.  ECF No. 25 ¶ 4.  In September 2025, Petitioner complied with newly imposed ICE rules regarding electronic monitoring and supervision when he was outfitted with an ankle monitor.  *Id.* ¶ 5.  On October 14, 2025, Petitioner reported to an immigration office for a scheduled appointment where he was told his OSUP was revoked. ECF Nos. 25 ¶ 5, 27 at 2.  He was then taken into custody.  *Id*.  Later that day, Petitioner was served with a written Notice of Revocation stating ICE believed there was a "significant likelihood of removal in the reasonably foreseeable future[.]" ECF No. 15-1. Respondents are unable to remove Petitioner to Cuba and identify Mexico as a third country chosen for Petitioner's removal.  Petitioner filed a Motion to Reopen his Immigration Proceedings and vacate his *in absentia* removal order on December 23, 2025.  ECF No. 25 ¶ 47.  On February 18, 2026, an immigration judge denied his motion to reopen, which also lifted his stay of removal pending the outcome of the appeal.  *Id*.  Petitioner states that he appealed this decision[2] and

---

[2] At the time of this ruling, the Executive Office for Immigration Review case status page appears to reflect that Petitioner does not have any pending BIA appeals (https://acis.eoir.justice.gov/en/).

requested an emergency stay from the Board of Immigration Appeals on February 19, 2026. *Id*. His appeal and application for a stay remain pending. *Id*. His Order of Removal remains administratively final. ECF No. 25 ¶ 24; ECF No. 27 at 1.

## II.    DISCUSSION[3]

Petitioner argues, in relevant part, that (1) his re-detention violates his procedural due process rights for failing to promptly provide an informal interview and timely written notice of revocation in violation of federal regulations and (2) his re-detention amounts to indefinite detention and violates his substantive due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 25 ¶¶ 6–9. Respondents counter, in relevant part, that (1) this Court does not have jurisdiction to adjudicate Petitioner's procedural due process claims[4] and (2) Petitioner has not met his burden under *Zadvydas* to show that ICE will not be able to remove him in the reasonably foreseeable future. *See generally* ECF No. 27 at 6–10. Petitioner does not contest Respondents' right to remove him. He is asking to be placed back on supervision pending his removal.

Once a noncitizen's order of removal becomes final, the noncitizen is subject to mandatory detention during a 90-day removal period[5] under 8 U.S.C. § 1231(a)(2). After the removal period

---

[3] Because the Court has concluded Petitioner's detention is no longer authorized by 8 U.S.C. § 1231, there is no need to address Petitioner's alternative arguments. *See* ECF No. 25 ¶¶ 114–182. Likewise, Petitioner's Motion for Bail under *Lucas v. Hadden*, ECF No. 31, and a Motion to Expedite Consideration of Habeas Petition and *Lucas* Motion, ECF Nos. 36–37, will not be addressed as they are moot.

[4] Respondents argue that 8 U.S.C. § 1252 bars the Court's review. *See generally* ECF No 27 6–10. Habeas relief applies to petitioners seeking relief from executive detention. The Court has jurisdiction in this case because Petitioner is contesting his detention and the violation of his due process rights, not the execution of his order of removal. *See also Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297–99 (3d Cir. 2020) (holding judicial review barred because re-detention was part of the process of removing petitioner back to Bangladesh, while challenges to the length of a noncitizen's confinement are not directly about removal). Thus, 8 U.S.C. § 1252 does not bar the Court's review.

[5] In a re-detention case, the question arises: when did the presumptively reasonable six-month detention period pursuant to *Zadvydas* begin? That issue need not be addressed as Petitioner's current detention has now exceeded the presumptively reasonable six-month detention period under *Zadvydas*.

expires, DHS may continue to detain the noncitizen under 8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) does not include a temporal limitation on the government's ability to detain the noncitizen during the post-removal period, in *Zadvydas*, 533 U.S. at 701, the Supreme Court held that the provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."  Under *Zadvydas*, once the six-month period expires, a noncitizen seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701).  Where a noncitizen meets this initial burden, the Government can establish its continued authority to detain the noncitizen only if the Government can rebut his evidence and show that the noncitizen's removal remains likely in the reasonably foreseeable future.  *Id*.  And "the longer an alien is detained, the less he must put forward to obtain relief."  *Id*. at 277.  Put differently, the reasonableness of the detention shrinks as the time of post-removal confinement grows.  *Zadvydas*, 533 U.S. at 701.

Here, Petitioner has been in custody since October 14, 2025.  Having been in post-removal detention for more than nine months, Petitioner has exceeded the sixth month presumptively reasonable period.  Under *Zadvydas*, a petitioner must articulate a "good reason to believe" that removal is unlikely in the reasonably foreseeable future.  *Zadvydas*, 533 U.S. at 701.  Petitioner has done so here.  First, he cites his release on an order of supervision in 2021 after his attempt to enter the United States.  ECF Nos. 35 at 4–5, 25 ¶¶ 8, 61, 66, 75, 113.  Despite Petitioner already having an administratively final order of removal at that time, DHS processed and released Petitioner from custody on an OSUP.  *Id*.  Petitioner contends that this determination was DHS's acknowledgement that Petitioner could not be sent back to his home country of Cuba and there

4

was no likelihood of finding a third country to accept him in the reasonably foreseeable future. *Id*. Next, Petitioner states that at no time during the next five years while he remained on an OSUP did DHS find a country suitable for Petitioner's removal. *Id*. Lastly, Petitioner cites his ongoing detention and argues that DHS fails to make any meaningful progress in his removal proceedings. *Id*. DHS identified Mexico as a third country to which they wish to send Petitioner but has yet to obtain any travel documents.

Respondents maintain that Petitioner has not met his burden. ECF No. 27 ¶ 37. Respondents argue that Petitioner "does *not* show that Mexico has indicated it would *never* issue a travel document for him." ECF No. 27 at 17 (emphasis added). Respondents also point out that Petitioner has *not* "provide[d] any evidence that *no* third country will accept him." *Id.* (emphasis added). The Court is not persuaded by Respondents and concludes that Petitioner has met his burden.

The question then becomes whether Respondents have come forward with sufficient evidence to "rebut that showing." *Zadvydas*, 533 U.S. at 701. The record before the Court is sparse. Respondents do not seek to rebut Petitioner's showing, claiming that it is not necessary for them to address the second step of the *Zadvydas* analysis when Petitioner fails at the first step. ECF No. 27 at 18–19. Respondents do however note that counsel "requested further information from ICE regarding the latest status of removal efforts and will supplement the record as necessary" in their May 15, 2026 response. *Id*. As of the date of this Order, Respondents have not submitted anything to supplement the record apart from Petitioner's revocation paperwork dated October 14, 2025. *See* ECF No. 15-1. It reads, in part, that "ICE has determined there is a significant likelihood of removal in the reasonably foreseeable future in [Petitioner's] case." *Id*.

The paperwork also states that this is "on account of [Petitioner's] changed circumstances[,]" but provides no further details. *Id*.

The Court finds Respondents' arguments unavailing.  A mere possibility of removal at some unknown time will not suffice under *Zadvydas* to prove there is a significant likelihood that removal will occur in the reasonably foreseeable future. *See Abdel-Muhti v. Ashcroft*, 314 F. Supp. 2d 418, 426 (M.D. Pa. 2004).  Here, on the current record, the Court concludes Petitioner has articulated a good reason to believe that his removal is unlikely in the reasonably foreseeable future and the government has not rebutted that showing.

Accordingly, IT IS HEREBY ORDERED that the Amended Petition, ECF No. 25, is hereby GRANTED. Petitioner shall be released subject to appropriate conditions in accordance with the conditions of his preexisting Order of Supervision; and,

IT IS FURTHER ORDERED that Petitioner's Motion for Bail under *Lucas v. Hadden*, ECF No. 31, and Motion to Expedite Consideration of Habeas Petition and *Lucas* Motion, ECF Nos. 36–37, are hereby DENIED as MOOT; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

DATED this 30th day of July, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

6